[NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]
United States Court of Appeals
For the First Circuit

No. 98-1446

NORMAN E. DICKINSON,

Plaintiff, Appellant,

v.

MICHAEL J. CHITWOOD, ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MAINE

[Hon. Gene Carter, U.S. District Judge]

Before

Selya, Stahl and Lynch,
Circuit Judges.

Norman E. Dickinson on brief pro se.
Mark E. Dunlap and Norman, Hanson & DeTroy, LLC on brief for
appellees Michael Chitwood and City of Portland.
Edward R. Benjamin, Jr. and Thompson & Bowie on brief for
appellees Michael Kelly and City of Lewiston.

December 17, 1998

Per Curiam. Plaintiff-appellant Norman Dickinson
appeals pro se from the grant of summary judgment in favor of
defendants on his federal claims and the dismissal without
prejudice of his state law claims. For the following reasons,
we affirm.
Dickinson is a Maine state prisoner who pled guilty
to kidnapping, robbery, and two counts of criminal threatening
with a dangerous weapon. The offenses involved a one-day crime
spree in South Portland, Maine, on February 2, 1989. Dickinson
is currently incarcerated following a revocation of probation. 
The underlying case stems from events that occurred in 1997
after Dickinson was released from prison and began serving a
term of probation in Portland, Maine. On or about the time of
Dickinson's release, Portland's chief of police warned the
public about him and disclosed his address. Several months
later, after Dickinson was scheduled to be placed in Lewiston,
Maine, Lewiston's chief of police did much the same thing.
Based on these actions, Dickinson filed a 42 U.S.C.
1983 suit against the City of Portland, the City of Lewiston,
and their respective police chiefs alleging violations of his
constitutional rights to equal protection and due process of
law, his right to privacy, and his right to be free of cruel
and unusual punishment. Although he did not articulate this
theory in his complaint, Dickinson argued in his later filings
that municipal liability attached because the two cities'
respective police chiefs possessed final decisionmaking
-2-
authority with respect to the actions taken. See Pembaur v.
City of Cincinnati, 475 U.S. 469, 481 (1986) (concluding that
a final decisionmaker's single decision may, in some
circumstances, give rise to municipal liability under 1983). 
In addition to his federal claims, Dickinson alleged various
claims under state law.
It is undisputed that, approximately ten months
before he began his probationary term, Dickinson wrote the
sentencing judge a letter in which he described himself as a
"time bomb." He suggested that the restrictions imposed by the
judge, which essentially amounted to house arrest, would be the
"spark that sets that bomb off." He asked a rhetorical
question, "Will being confined in my house prevent me from
committing a violent act,?" and answered, "No."
It is also undisputed that, approximately four months
before his release, Dickinson wrote a letter to a Portland
television news reporter identifying himself as the person "who
went on a crime spree in South Portland on February 2, 1989." 
He stated that he was writing to inform the reporter and
"society" that he would be back on the streets of Portland on
January 26, 1997. He further stated that he would be "meaner
than ever" and that he "pit[ied] anyone who [got] in [his]
way." The letter indicated that Dickinson was enclosing a
police report of the February 1, 1989 incidents.
We review the grant of summary judgment de novo. 
Hinchey v. NYNEX Corp., 144 F.3d 134, 140 (1st Cir. 1998). In
doing so, we are not limited to the district court's reasoning
but may affirm on any independently sufficient ground. Medina-
Munoz v. R. J. Reynolds Tobacco Co., 896 F.2d 5, 7 (1st Cir.
1990). In the instant case, we affirm because we conclude that
Dickinson has failed to establish a violation of his
constitutional rights.
In particular, we affirm the district court's
disposition as to the Eighth Amendment claim on the ground
that, even if we were to assume for the sake of argument that
defendants' actions could constitute punishment, Dickinson has
made no argument on appeal that these actions constitute "cruel
and unusual" punishment. We reject as without merit
Dickinson's suggestion in the district court that punishment is
cruel and unusual if it is more burdensome than necessary. Cf.Taylor v. Rogers, 781 F.2d 1047, 1050 (4th Cir. 1986) (finding
no cruel and unusual punishment where protective custody
restrictions were "rationally related" to security and
protection concerns).
Dickinson's equal protection argument also fails. 
Classification that neither abridges a fundamental right nor
operates against a suspect class receives rational basis
review. Inmates of Suffolk County Jail v. Rouse, 129 F.3d 649,
660 (1st Cir. 1997), cert. denied, 118 S. Ct. 2366 (1998). 
Dickinson makes no argument that defendants' actions are
subject to heightened scrutiny. His only argument is that
defendants acted "arbitrarily" in disclosing his address to
members of the public but not the addresses of other released
felons. However, given Dickinson's threats and warnings during
the months before his release, defendants had a legitimate
basis for treating him differently than other recently released
felons. In short, Dickinson has made no showing that the
police treated his case disparately from any comparable case.
Finally, we think that on the facts of this case
Dickinson's right to privacy and due process arguments fail. 
As an initial matter, Dickinson has made no persuasive argument
that Maine's Sex Offender Registration and Notification Act,
which does not apply to him, nonetheless creates a protectible
liberty interest entitling him to due process protections. We
need not decide, in the abstract, whether the confidentiality
branch of the constitutional right to privacy prohibits the
disclosure of information about a released felon, including
such information as his name, address, and convictions. Cf.Vega-Rodriguez v. Puerto Rico Tel. Co., 110 F.3d 174, 183 (1st
Cir. 1997) (indicating that the range has not extended beyond
prohibiting profligate disclosure of medical, financial, and
other intimately personal data). In the instant case,
Dickinson himself "published" a compilation of information
about himself, just a few months before his release date, in
the form of the letter to the Portland television news
reporter. Having himself initiated a warning to "society,"
Dickinson is not in a position to complain about an invasion of
his right to privacy or the lack of a hearing before the
dissemination of information. Cf. Doe v. City of New York, 15
F.3d 264, 269 (2d Cir. 1994) (recognizing that the right to
privacy can be waived).
We need go no further. Because the district court
properly dismissed the federal claim, it did not err in
dismissing the state law claims. See 28 U.S.C. 1367(c)(3). 
Affirmed.